Harley L. MITCHEM, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–886.

United States Court of Veterans Appeals.

Argued April 30, 1996.

Decided May 13, 1996.

David D'Zurilla, Washington, DC, for appellant.

Michael P. Butler, with whom Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and R. Randall Campbell, Deputy Assistant General Counsel, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

FARLEY, Judge:

This is an appeal from a June 23, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which, in relevant part, (1) determined that no new and material evidence had been submitted to reopen a claim for service connection for bilateral defective hearing, and (2) increased the appellant's rating for post-traumatic stress disorder (PTSD) with dysthymia from 10% to 50%. At oral argument, the parties advised the Court that they had agreed that new and material evidence had been submitted to reopen the bilateral defective hearing claim and on May 6, 1996, a Joint Motion for Remand as to the defective hearing claim was filed; that motion will be granted.

With respect to the PTSD claim, the appellant argues that he is entitled to a rating higher than the 50% awarded by the BVA. It is the Secretary's position that the BVA's findings of fact are not clearly erroneous and therefore the decision of the BVA must be affirmed. For the reasons that follow, the Court will vacate the BVA decision to the extent that it did not award a rating higher than 50% and will remand the appellant's claim for further adjudication consistent with this opinion.

## I.

The appellant is a Vietnam veteran who served on active duty with the United States Air Force from July 1964 to December 1968. Record (R.) at 23–25. He was first diagnosed with PTSD in July 1990 (R. at 244), and about this time or shortly thereafter, began to participate in group therapy under the leadership of a VA clinical psychologist. R. at 146–62, 244–46, 269, 310.

The appellant filed a claim for PTSD in February 1991. R. at 213. After his claim was denied in July 1991 (R. at 268–70), VA staff psychiatrist Dr. Retus W. Osborn, III, confirmed that he had been treating the appellant for PTSD since February 5, 1991. R. at 310–14. Dr. Osborn provided details concerning the appellant's condition and course of treatment and stated, inter alia, that the appellant's "general circumstances ha[d] worsened substantially in time sequence with the recent Desert Storm Operation." R. at 312. Dr. Osborn also recounted the appellant's history as provided by the appellant and his wife, including the appellant's report that he lost his job when he lost patience with other workers and his supervisor. R. at 312. Dr. Osborn diagnosed PTSD, delayed, moderately severe to severe. R. at 313.

In further support of his claim, the appellant submitted a letter from his employer, who stated that the appellant's problems affected his job performance and that it had become very difficult for him to maintain his work schedule. R. at 319. In September 1991, the appellant testified that he was able to work only one to two days per week. R. at 333. During subsequent psychiatric examinations, the appellant reported working one to two (R. at 382) and two to three days per week and that he often left work early when he "just can't take it anymore" (R. at 364).

In June 1992, the RO awarded service connection for PTSD, and rated the appellant's condition at 10%. R. at 396–97. The Board increased the appellant's rating to 50%. R. at 4. The appellant argues on appeal to this Court that the Board, in assigning only a 50% rating, incorrectly applied 38 C.F.R. § 4.132 (1995). In this regard, the appellant argues that the Board applied factors irrelevant to the issue of industrial impairment, such as improvement in insight and depression, decrease in frequency of nightmares, and ability and willingness to cooperate, while ignoring relevant factors, such as his inability to function smoothly in his occupation area or to work more than 1–2 days per week.

## II.

The BVA, in its decisions, is statutorily required to provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions." 38 U.S.C. § 7104(d) (formerly § 4004(d)). As we said in *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990), "A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review', nor in compliance with statutory requirements." *See also Gabrielson v. Brown*, 7 Vet.App. 36, 39–40 (1994); *Masors v. Derwinski*, 2 Vet.App. 181, 188 (1992); *Peyton v. Derwinski*, 1 Vet.App. 282, 285 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169–70 (1991). The need for a statement of reasons or bases is particularly acute when BVA findings and conclusions pertain to the degree of disability resulting from mental disorders such as PTSD. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 396 (1991) (matter remanded because BVA failed to give reasons or bases why veteran did not qualify for 70% rating); *Wilson v. Derwinski*, 1 Vet. App. 139, 140 (1991) (matter remanded due to BVA's failure to provide "adequate explanation for the apparent dismissal of evidence favorable to appellant's claim and its conclusion that appellant's impairment is not more than considerable in degree").

Under 38 C.F.R. § 4.132, Diagnostic Code (DC) 9411, the criterion for a 50% PTSD rating is

> Ability to establish or maintain effective or favorable relationships with people is considerably impaired. *By reason of psychoneurotic symptoms the reliability, flexibility and efficiency levels are so reduced as to result in considerable industrial impairment.*

(Emphasis added.) A rating of 70% is warranted where

> Ability to establish and maintain effective or favorable relationships with people is severely impaired. *The psychoneurotic symptoms are of such severity and persistence that there is severe impairment in the ability to obtain or retain employment.*

*Ibid.* (emphasis added). *See also* 38 C.F.R. § 4.132, DC 9411, note (1) ("Social impairment per se will not be used as the sole basis for any specific percentage evaluation, but is of value only in substantiating the degree of disability based on all of the findings").

Here, the BVA's conclusory statement on industrial impairment is a model of brevity if not exposition: the appellant's "sociable affect and behavior is inconsistent with severe social and industrial impairment." R. at 18. While the Board did make passing reference in its recitation of background facts to the appellant's work performance, i.e., that his employer reported that it was difficult for the appellant to meet his work schedule and that the appellant lost his job when he lost patience with others, the Board did not address these facts in the context of overall industrial impairment. Nor did the Board address other evidence of record that would tend to show to what degree the appellant's industrial ability was impaired. Such evidence would include, for example, the appellant's concern that he will not be able to function smoothly in his occupation area (R. at 313), statements and testimony to the effect that the appellant works only between one and three days per week and often leaves early (R. at 319, 333, 364, 382), and the opinion of the appellant's private primary care physician that PTSD renders the appellant completely disabled (R. at 317, 482). Moreover, to the extent that the Board relied exclusively on the appellant's ability to function socially for its conclusion that there was no evidence of severe industrial impairment, that reliance was misplaced. *See Massey v. Brown*, 7 Vet.App. 204 (1994); 38 C.F.R. § 4.132, note (1).

As the Court has said, "the Board had an obligation here, where the veteran specifically had requested an increase in his [ ] rating, to explain why the veteran's symptoms comported with the criteria of the 50% disability rating but not with the criteria of the 70% or 100% disability ratings." *Shoemaker v. Derwinski*, 3 Vet.App. 248, 253 (1992). A remand will enable the Board to fulfill that obligation with respect to the appellant's industrial impairment.

## III.

Upon consideration of the record, the submissions of the parties, and oral argument, the BVA decision of June 23, 1994, with respect to the bilateral defective hearing claim and with respect to PTSD with dysthymia, to the extent that the decision denied a rating greater than 50%, is VACATED; the Joint Motion for Remand of the bilateral defective hearing claim is granted; and the hearing and PTSD claims are REMANDED for adjudication consistent with this opinion.