Ronald M. ZINK, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 96–354.

United States Court of Veterans Appeals.

May 16, 1997.

Before NEBEKER, Chief Judge, and
HOLDAWAY and IVERS, Judges.

**ORDER**

PER CURIAM.

On April 4, 1996, the appellant filed a Notice of Appeal from a March 14, 1996, decision of the Board of Veterans' Appeals (Board or BVA) which denied the appellant entitlement to a disability rating higher than 70% for paranoid schizophrenia and to a total disability rating based on individual unem-

ployability. The Secretary concedes that the matter should be remanded because the Board failed to provide sufficient reasons or bases for its decision. The BVA is required by statute to provide "a written statement of the Board's findings and conclusions, and reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1). "The need for a statement of reasons or bases is particularly acute when BVA findings and conclusions pertain to the degree of disability resulting from mental disorders...." *Mitchem v. Brown,* 9 Vet. App. 138, 140 (1996).

The appellant argues that the Board's decision should be reversed on the record as clearly erroneous. A "finding as to the degree of impairment resulting from a disability is a question of fact." *Francisco v. Brown,* 7 Vet.App. 55, 57 (1994). A finding of fact is clearly erroneous when "although there is enough evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Gilbert v. Derwinski,* 1 Vet.App. 49, 52 (1990). "[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA, [the Court] cannot overturn them." *Id.* at 53. The appellant bears the burden before this Court of establishing that the fact-finding below was clearly erroneous. The appellant has made cogent arguments for reversal. However, after consideration of the record, the Court is not left with a definite and firm conviction that a factual error has been committed. On the other hand, as conceded by the Secretary, the record is such that the BVA failed to provide adequate reasons and bases for its decision, and the Court is thereby frustrated in its review of the facts. The appropriate remedy in a case where the BVA's reasons and bases are inadequate is to vacate the decision and remand the matter for further proceedings. *See id.* at 57.

On consideration of the foregoing, it is

ORDERED that the March 14, 1996, decision of the Board is VACATED and the matter is REMANDED.

NEBEKER, Chief Judge, concurring:

While I agree with my colleagues that remand is the appropriate outcome in the instant case, I find the appellant's argument not only cogent but nearly persuasive. While I am not prepared to hold that the appellant is entitled, as a matter of law, to a 100% rating, the question of clear error is very close. The evidence of record appears most persuasive of a finding of unemployability despite the Board's failure to reach such a conclusion, and on remand, the Board should make the effort to consider the argument on clear error contained in the appellant's brief in this Court. Had such argument been made to the Board before, I doubt the appeal to us would have been necessary.

Further, in my view, the Board also has reached its conclusion as to Mr. Zink's employability without supportive evidence, contrary to this Court's holding in *Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). Where the only evidence of record suggests the veteran is not employable, the Board's ipse dixit determination that he can be employed violates our holding in *Colvin.*