**Earl C. PERRY, Jr., Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 98–1433.

United States Court of Appeals for Veterans Claims.

May 4, 1999.

Theodore D. Peyser was on the brief for appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Mary Ann Flynn, Acting Deputy Assistant General Counsel; and James L. Calis, Washington, DC, were on the brief for appellee.

Before HOLDAWAY, IVERS, and GREENE, Judges.

GREENE, Judge:

Veteran Earl C. Perry, Jr., appeals a July 1998 Board of Veterans' Appeals (Board) decision denying an effective date prior to September 18, 1990, for an award of service connection for skin cancer and remanding the claim for an increased evaluation. The Court has jurisdiction of the case under 38 U.S.C. §§ 7252(a) and 7266(a). For the following reasons, the Court will reverse the Board's decision and remand the matter.

## I. FACTS

The appellant served on active duty in the U.S. Marine Corps from November 1943 to March 1946. Record (R.) at 17. His service records show that he was a member of the Occupation Forces in Nagasaki from September 23, 1945, to November 3, 1945. R. at 73.

In August 1982, the appellant filed a claim for service connection for skin cancer secondary to radiation exposure while stationed in Nagasaki, Japan. R. at 48. In support of his claim, he presented medical records from Dr. Ralph Keen, his private physician, documenting treatment since December 1973 for various skin conditions. R. at 61. Dr. Keen diagnosed him as having basal cell carcinoma in September 1981. *Id.*

The regional office (RO) denied the appellant's claim. R. at 75. He appealed the decision to the Board, and in February 1984, it also denied the claim. R. at 99–101. In November 1984, based on corrected reconstructed dosimetry ratings provided by the Department of the Navy, the appellant's claim was reopened and the denial confirmed. R. at 104–05, 107. He did not appeal and this decision became final.

On September 12, 1988, VA received the appellant's letter requesting a reopening of his claim under Public Law 100–321 (Radiation–Exposed Veterans Compensation Act of 1988, Pub.L. No. 100–321, 102 Stat. 485 (May 20, 1988), established a presumption of service connection for certain diseases in radiation-exposed veterans). R. at 111. A November 1988 rating decision denied the claim on the basis that Public Law 100–321 does not include basal cell carcinoma as one of the diseases for which presumptive service connection can be granted. R. at 113, 124. He appealed to the Board. On March 15, 1990, the appellant requested that his claim be reviewed by VA's Chief Benefits Director (CBD) under 38 C.F.R. § 3.311(b) and (c). R. at 149. Instead, on August 23, 1990, the Board decided the claim. R. at 159–63. In that decision, under a paragraph captioned "ITEMS RELATING TO PRESENT APPELLATE STATUS," the Board stated:

> On appeal, in March 1990, the veteran made reference to a claim for skin cancer under the provisions of Public Law 98–542 and its implementing regulation, 38 C.F.R. § 3.311b. We note in this regard that the veteran participated in the occupation of Nagasaki, Japan from September 23, to November 3, 1945, and is shown to have developed a potentially radiogenic disease

listed in 38 C.F.R. § 3.311b. Appropriate development including referral to the Chief Benefits Director, is, therefore, warranted by the agency of original jurisdiction prior to any appellate action on such claim. R. at 160. On September 18, 1990, the RO received correspondence from the appellant, which stated:

Please be advised that I am in disagreement with the Board of Veterans' Appeals decision dated Aug. 23, 1990. I ask that it be remanded to address the issue brought up in the appellate status.

R. at 168. He also requested referral of his claim to CBD, and requested a hearing. *Id.* On March 19, 1991, the RO received correspondence from the appellant reiterating his September 18, 1990, request. R. at 182.

In November 1991, Dr. Susan H. Mather reviewed Mr. Perry's case under 38 C.F.R. § 3.311(b) for the CBD. R. at 230. Dr. Mather noted that the appellant was reported to have had a maximum dose of less than 1 rem irradiation. *Id.* She pointed out that "[b]asal cell carcinoma may have followed doses as low as 40 rad," adding that "[t]he veteran's dose was much lower than the cited value and it is highly unlikely that his disease can be attributed to exposure to ionizing radiation in service." *Id.* In December 1991, the RO confirmed its denial (R. at 232), and in September 1994, the Board denied service connection due to radiation exposure, and he appealed to the Court. R. at 308. The Court vacated the 1994 Board decision and remanded the matter, after the parties submitted a joint remand motion, on the basis that the Board had failed to consider the appellant's claim as related to in-service sun exposure. R. at 333, 324–31. *See Perry v. Brown,* U.S. Vet.App. No. 94–859 (order Mar. 1, 1996).

The matter was remanded to the RO for development and readjudication. R. at 354. The RO confirmed its previous denial. R. at 388. On appeal in April 1997, the Board granted service connection for skin cancer on the basis of a relationship between the disorder and in-service sun exposure. R. at 412–19. The Board considered the alternative theory of entitlement based on in-service radiation exposure to be moot. *Id.* In May 1997, the RO rated the appellant's skin cancer secondary to sun exposure at 30% disabling effective from March 19, 1991. R. at 421–22. The appellant filed a Notice of Disagreement with the determination, arguing that the effective date should be in August 1982, when he initially filed for service connection of skin cancer, and that he should be granted a rating in excess of 30%. R. at 428. The RO issued a Statement of the Case (R. at 432–44), and the appellant appealed to the Board (R. at 447–48). The Board decision on appeal determined that the appellant's September 18, 1990, correspondence "can be construed as an informal claim for service connection for skin cancer and should be used as the effective date of the veterans' claim for skin cancer under 38 C.F.R. § 3.155." The Board remanded the issue of an increased disability rating.

## II. ANALYSIS

"Unless specifically provided otherwise in this chapter, the effective date of an award based on ... a claim reopened after final adjudication ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a); *see* 38 C.F.R. §§ 3.400, 3.400(q)(1)(ii), 3.400(r) (1998).

■ The determination of an effective date for entitlement for benefits is a finding of fact that the Court reviews under the "clearly erroneous" standard. *See* 38 U.S.C. § 7261(a)(4); *Zink v. Brown,* 10 Vet.App. 258, 259 (1997); *Gilbert v. Derwinski,* 1 Vet. App. 49, 53 (1990). Section 7261(a)(4), title 38, U.S.Code, provides that the Court must set aside a finding of fact as clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gilbert,* 1 Vet.App. at 52 (citing *United States v. Unites States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The Court may reach that conclusion only if there is no "plausible basis in the record" for the Board findings. *See Zink* and *Gilbert,* both *supra.*

■ Once a claim is received, VA must review the claim, supporting documents, and oral testimony in a liberal manner to identify and adjudicate all reasonably raised claims. *See Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991). Additionally, VA is required to apply all relevant law in adjudicating the claim, even though the legal issue was not raised by the appellant. *See EF v. Derwinski*, 1 Vet. App. 324, 326 (1991); *see also Collier v. Derwinski*, 2 Vet.App. 247, 251 (1992) (holding that although appellant had not filed specific form asking for individual unemployability, an informal claim was raised because he had continually stated he was unable to work due to his service-connected mental disorder); *Akles v. Derwinski*, 1 Vet.App. 118, 121 (1991). Where such a review "reasonably reveals that the claimant is seeking a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit or, if appropriate, to remand the issue to the RO for development and adjudication of the issue." *Suttmann v. Brown*, 5 Vet.App. 127, 132 (1993); *see generally Servello v. Derwinski*, 3 Vet.App. 196, 198–200 (1992) (discussing evidence that could show "a belief" by the veteran that he was entitled to a particular benefit).

■ Here, it is undisputed that the appellant had raised a claim for service connection for his skin cancer that was disallowed in November 1984 and became final. Thus, accepting his argument for an effective date of August 1982 would not be in accordance with law. 38 U.S.C. § 5110(a). The issue is whether the Board's 1990 decision is a final disallowance of this claim after it was reopened in September 1988.

An analogous situation at the RO level has been addressed by this Court in *Meeks v. Brown*, 5 Vet.App. 284 (1993). Mr. Meeks filed a claim for an eye disorder in November 1970. The following month, the RO issued a rating decision denying service connection, but noting that the decision was based on incomplete records. The letter notifying Mr. Meeks of the denial stated:

> [Y]our eye condition is constitutional or developmental in nature and is not a disability under the law for which compensation is payable. All of your military ser-

vice records have not been received. When they are received, further consideration will be given to your claim and you will be notified.

*Id.* at 285–86. No further action was taken by the RO until January 1985, when the appellant requested that his claim be reopened. Eventually, the RO granted Mr. Meeks a 100% rating for his eye disorder, effective January 1985. The Board affirmed. On appeal, this Court held that the November 1970 claim had not been finally adjudicated and was still pending. *Id.* at 287. (The case was remanded for an adequate statement of reasons or bases and for a determination of whether Mr. Meeks qualified for a compensable rating for his eye disorder on the day following his discharge in 1969. *Id.* at 288.)

In this case, the Board and the Secretary contend that the appellant's claim was finally disallowed in August 1990. However, that 1990 Board decision indicated that "appropriate development ... is ... warranted by the agency of original jurisdiction prior to any appellate action on such claim." R. at 160. Neither the Board nor the Secretary points to any action that the appellant should have taken to keep his claim in an "open" status. As explanation, the Secretary simply states that the appellant was "confused by the BVA referral of one aspect of his claim." Secretary's Brief at 3. The plain language of the Board's August 1990 decision says that the appellant's claim is neither fully developed nor ripe for review. Although the Board explicitly denied the claim under the provisions of Public Law 100–321 (presumptive service connection), it implicitly remanded the claim for further development. This further development eventually led to Dr. Mather's finding that the appellant's skin cancer was not radiogenic in origin, and the claim was denied. This Court vacated the Board's denial, resulting in a claim initiated on September 12, 1988 (the date of reopening) "which has not been finally adjudicated." *See Meeks*, 5 Vet.App. at 287; 38 C.F.R. § 3.160(c) (1998).

Clearly, the appellant's skin cancer existed at the time of the September 12, 1988, reopening. Although VA eventually deter-

mined that the cause of the appellant's skin cancer was not radiogenic, it also finally concluded that the appellant's skin cancer was caused by in-service sun exposure and awarded him service connection. The Court holds that the August 1990 Board decision was not a final decision. Because there was no final decision on the September 12, 1988, reopened claim, the only plausible basis for determining the effective date is in accordance with 38 U.S.C. § 5110(a). Accordingly, the effective date of his claim is September 12, 1988, and the Board's decision assigning September 18, 1990, as the effective date of the appellant's claim is clearly erroneous. *Gilbert, supra.* Because there is no other permissible view of the evidence, remand for further adjudication on this issue is not indicated. *See Hersey v. Derwinski,* 2 Vet.App. 91, 95 (1992); *see also Karnas v. Derwinski,* 1 Vet.App. 308, 311–14 (1991).

### III. CONCLUSION

After consideration of the foregoing analysis and the pleadings and review of the record, the decision of the Board is RE-VERSED and the matter is REMANDED for assignment of an effective date of September 12, 1988.