# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 95-1136

JACKIE C. WEST, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  October 24, 2001    )

*Jackie C. West*, *pro se*.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Jacqueline M. Sims*, Deputy Assistant General Counsel; and *Yvette Robertson White*, all of Washington, D.C., were on the pleadings for the appellee.

Before KRAMER, *Chief Judge*, and HOLDAWAY and IVERS, *Judges*.

IVERS, *Judge*, filed the opinion of the Court.  KRAMER, *Chief Judge*, filed an opinion concurring in part and dissenting in part.

IVERS, *Judge*:  In a decision dated November 8, 1995, the Board of Veterans' Appeals (BVA or Board) denied veteran Jackie C. West's claim, filed pursuant to the provisions of the order entered by the United States District Court in *Pacheco v. Department of Veterans Affairs*, No. C83-3098 (N.D. Ohio 1991) (*Pacheco* Order or Settlement), for entitlement to educational assistance under Chapter 34, Title 38, United States Code.  *See* Record (R.) at 93-105.  As discussed below, the Court's jurisdiction to review this matter is established by 38 U.S.C. § 7252.  For the reasons contained herein, the Court will affirm the Board's November 1995 decision.

## I.  FACTS

The consent order issued in *Pacheco* permitted "certain Vietnam-era veterans who pursued

a course or courses in an approved associate degree program predominately vocational in content at any time during the period January 1, 1982, through December 31, 1984, to obtain Chapter 34 educational benefits." R. at 93; *see* 38 U.S.C. §§ 3461 and 3462. Certain provisions of Chapter 34 permit extensions of time periods, called delimiting periods, for using the statutory educational benefits. *See* 38 U.S.C. §3462(a). The *Pacheco* Order, dated August 20, 1991, settled litigation that had arisen from a VA policy of denying delimiting period extensions to veterans pursuing courses as part of associate degree programs. *See* R. at 8.

In pertinent part, the *Pacheco* Order required VA to "post leaflets concerning this order, and make leaflets available, in all VA Regional Offices and in all VA Vet Centers." R. at 99. The leaflets were to contain specific information for filing a claim pursuant to the Order, and were to be "posted[, with] a supply of leaflets [to] be conspicuously displayed at all times in each waiting room of each such facility for at least 12 months after the date of this order." *Id.*; *see* R. at 96, paragraph 2.(b).

The original claim for veterans benefits that underlies this appeal was initiated when the veteran submitted a "Pacheco Claim Letter," apparently the above-referenced leaflet, or a part of it, to VA in August 1992. R. at 107. The veteran sought to "claim retroactive payment of VA educational benefits under the *Pacheco* settlement." *Id.* His eligibility for Chapter 34 educational benefits had been established, and he had received benefits from July 1980 to August 1980. R. at 89; *see also* R. at 7, 12.

In a letter dated September 1992, a VA regional office (RO) informed the veteran that his claim for educational benefits under the *Pacheco* Settlement had been denied. R. at 121. In pertinent part, the letter read as follows:

> To be eligible for benefits under this Settlement, your normal delimiting period for using your educational benefits following discharge from service must have expired before December 31, 1984. (A delimiting period is normally the ten years following a veteran's discharge from active duty.) Our records reflect that your delimiting period ended on April 25, 1988. Since you would not have needed an extension of your delimiting period in order to pursue training, you are not eligible for benefits under the Pacheco Settlement.

*Id.*

2

After receiving the letter from the RO, the veteran sought review at the Board. *See* R. at 137-41; *see also* R. at 101 (provisions of *Pacheco* Order for adjudication of claims pursuant to VA policies and procedures consistent with title 38 of the U.S. Code). In the decision now on appeal, the Board likewise found that the veteran was not entitled to the relief afforded by the *Pacheco* Settlement because he did not meet the legal criteria for eligibility. R. at 7-9. At the outset of its decision, the Board noted that the *Pacheco* Order included the mandate that "[n]o decision on a claim made under this order shall be brought to the [U.S. Court of Appeals for Veterans Claims] for review." R. at 101-02; *see* R. at 5. The Board concluded that it would "advise the veteran of the procedures for obtaining review of the Board's decision in this matter by the [Court] as required by law," while also advising him that the *Pacheco* Order provided that he was barred from seeking review by the Court. R. at 5-6.

## II. ANALYSIS

### A. Jurisdiction

In light of the questions left open in the Board's decision concerning jurisdiction, we must initially clarify the role of this forum and that of the U.S. District Court for the Northern District of Ohio (District Court) in this matter. Each court is a federal court with separately defined jurisdiction. *See Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990) (any federal court inferior to the Supreme Court exercises jurisdiction only as authorized by Congress). The District Court has jurisdiction to hear a facial challenge to a veterans benefits statute, but not a challenge to a denial of benefits under any veterans benefits statutes. *Zuspann v. Brown*, 60 F.3d 1156, 1158-61 (5th Cir. 1995), *cert. denied* 516 U.S. 1111, 116 S.Ct. 909 (1996). This Court is empowered, under the Veterans' Judicial Review Act (VJRA), to exercise exclusive jurisdiction over appeals concerning denials of veterans benefits. *Id.* at 1158-59; *see* Pub. L. No. 100-687, 102 Stat. 4105 (1988); 38 U.S.C. § 7252.

When the District Court entered judgment based on the *Pacheco* Order, it ratified an out-of-court settlement that had been reached by the parties. The *Pacheco* consent order indicates that the underlying litigation had been a class action law suit that challenged a veterans educational benefits statute on its face. *See* R. at 104. The litigation commenced years prior to the VJRA and the establishment of this Court as the primary judicial forum for resolving matters involving veterans

3

benefits.  *Id*. (showing that class was certified in 1985).  Nothing in the final *Pacheco* Order or the law concerning the District Court's jurisdiction compels this Court to question the validity or enforceability of the provisions of that order concerning Chapter 34 extensions of delimiting dates (or periods)  with respect to approved associate degree programs.  *See Zuspann*, *supra*.

The provisions of the *Pacheco* Order concerning this Court's jurisdiction, however, are null and void.  The District Court overstepped its limited jurisdiction when it directed that *Pacheco* claimants were barred from seeking this Court's review of  a BVA denial of individual *Pacheco* claims.  *See Zuspann* and *Skinner*, both *supra*; R. at 101-02, 104-05.  Since this Court has "exclusive jurisdiction to review decisions of the [BVA]," we will proceed to consider the November 8, 1995, BVA decision that is the subject of this appeal.  38 U.S.C. § 7252.

## B.  Denial of *Pacheco* Claim

To be eligible for VA educational benefits pursuant to the *Pacheco* Order, the veteran would have had to have met the eligibility criteria set forth in that order.  The *Pacheco* Order stated the following eligibility criteria:

> The Vietnam-era veterans entitled to claim Chapter 34 educational benefits under this order are:
> (i) All Vietnam-era veterans who applied to VA for a delimiting date extension during the VA extension policy period, who pursued a course or courses in an approved associate degree program at any time during the period the delimiting date extension provisions were in effect, but who were denied an extension by VA solely because of the VA extension policy; and
> (ii) All Vietnam-era veterans who pursued a course or courses in an approved associate degree program at any time during the period the delimiting date extension provisions were in effect, but who did not apply to VA for a delimiting date extension during the VA extension policy period solely because of the VA extension policy.

R. at 95-96.  The order further provided that payment of benefits for those eligible for an extension under the terms of the order would be limited to courses pursued "during the period from January 1, 1982, through June 30, 1985."  R. at 98.

The Board stated the following reasons and bases for its conclusion that the veteran was not

4

eligible for benefits pursuant to *Pacheco*:

> [T]he veteran's delimiting period was not to expire until April 24, 1988. Therefore, the veteran did not need to seek an extension of Chapter 34 entitlement since [his entitlement] was not in jeopardy of termination due to expiration of his delimiting date. As such, he has not met the threshold definition of a veteran entitled to make a claim for Chapter 34 benefits under the *Pacheco* Order. The remedy provided under that Order was designed to include only those veterans who would have otherwise been entitled to an extension of their delimiting dates for the purpose of applying their unused Chapter 34 entitlement toward courses in an associate degree program between January 1982 and December 1984 had the VA policy allowed extensions for course work in associate degree programs during that period. In other words, the veteran cannot claim that he has been injured by the prior VA policy which the *Pacheco* Order addressed since his delimiting date had not even expired during the period in question.

R. at 8-9.

The determination by the Board that the veteran did not meet the *Pacheco* eligibility criteria was a factual determination. Factual findings by the Board will not be overturned by this Court unless they are "clearly erroneous." 38 U.S.C. § 7261(a)(4); *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). Under the "clearly erroneous" standard, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Id*.

The Court finds that there was a plausible basis in the record for the Board's denial of the veteran's *Pacheco* claim, and that the Board's decision was not "clearly erroneous." The denial is supported by the facts that the veteran's available delimiting period extension was to April 1988, and the *Pacheco* Order applied only to courses pursued through June 30, 1985. The Board correctly found that the veteran's entitlement to Chapter 34 educational benefits was not in jeopardy of termination due to expiration of his delimiting date, and that he was not in the class of veterans that the Order was intended to protect.

The Court notes that the Board referred to the RO the matter of whether the veteran was entitled to "an extension of eligibility for vocational rehabilitation training under the provisions of Chapter 31, Title 38, United States Code, and 38 C.F.R. § 21.42(c)(1) (1994) because of his medical

condition." R. at 6.

### III. CONCLUSION

Accordingly, the Secretary's motion to dismiss is denied, and the November 8, 1995, BVA decision is AFFIRMED.


KRAMER, *Chief Judge*, concurring in part and dissenting in part: For the reasons set forth below, I agree with the majority's conclusion as to this Court's jurisdiction over the instant appeal and with the majority's conclusion that the appellant is not eligible for educational benefits pursuant to the *Pacheco* order, but I otherwise dissent.

As to the jurisdictional issue, because the appellant is seeking review of a Board of Veterans' Appeals (Board or BVA) decision that denied VA educational assistance under title 38 of the U.S. Code, I agree with the majority that this Court has jurisdiction over the appeal. *See* 38 U.S.C. §§ 7252(a) (this Court "shall have exclusive jurisdiction to review decisions of the [Board]"), 7266(a); *see also* 38 U.S.C. § 7104(a) (jurisdiction of the Board). Based on that, I believe that it is unnecessary to address, as the majority has done, whether the United States District Court for the Northern District of Ohio (District Court) would have jurisdiction to limit this Court's review of "claim[s] made under [the *Pacheco*] Order." Record (R.) at 101-02. Moreover, I note that, although the majority, in addressing the District Court's exercise of jurisdiction, purports to hold that "[t]he provisions of the [District Court's] *Pacheco* Order concerning this Court's jurisdiction . . . are null and void," *ante* at __, slip op. at 4, the majority has not provided any citations or analysis suggesting that this Court has the authority to so hold.

As to the merits of the appellant's claim, I initially note that the Board characterized the issue as whether the appellant was "entitl[ed] to any VA benefits under the terms of the *Pacheco* Order." R. at 9; *see also ante* at __, slip op. at 4 (majority characterized issue on appeal as whether appellant is "eligible for VA educational benefits pursuant to the *Pacheco* Order"). Under the *Pacheco* Order, a claimant may be awarded educational benefits for qualifying courses (taken during the period from January 1982 to June 1985) if it is determined that the claimant is eligible, under the terms of that order, for an extension of his delimiting date. R. at 98. Here, the appellant did express his desire to obtain educational benefits "under the *Pacheco* Settlement," but he also indicated that he was

6

seeking "retroactive payment of VA educational benefits" and provided information as to a course that he had taken in 1982. R. at 107, 114-15. Particularly considering the pro-claimant nature of the VA benefits system (*see Nolen v. Gober*, 222 F.3d 1356, 1361 (Fed. Cir. 2000)), and that the appellant's 1982 course was taken prior to the expiration of his delimiting period (*see* 38 U.S.C. § 3462(a)(1) (delimiting period for VA educational assistance is 10 years after veteran's last release from active duty); R. at 12 (reflecting appellant's release from active duty in April 1978)), I believe that the Board far too narrowly construed the appellant's claim by treating it as though he were seeking only an extension of his delimiting date under the *Pacheco* Order. Rather, the Board should have addressed whether the appellant is entitled to VA educational assistance under any applicable laws and regulations, including whether he is entitled to reimbursement for educational expenses incurred in connection with his 1982 class. *See Perry v. West*, 12 Vet.App. 365, 368 (1999) ("VA is required to apply all relevant law in the claim, even though the legal issue was not raised by the appellant"); *Talbert v. Brown*, 7 Vet.App. 352, 356 (1995) (BVA must review all issues that are reasonably raised); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991).

Because the BVA adjudicated only whether the appellant was entitled to the relief provided for in the *Pacheco* order, I believe a remand is necessary in order for the Board to readjudicate the appellant's claim, as more broadly characterized. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527; *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990) (Board is required to provide written statement of reasons or bases for its findings and conclusions on all material issues of fact and law presented on record; statement must be adequate to enable claimant to understand precise basis for Board's decision, as well as to facilitate review in this Court). In addressing that claim, I believe that the BVA should also consider whether the appellant's October 1993 correspondence to a VA regional office (RO) constituted a request for an extension of time, predicated upon his medical condition, to file his application for VA educational assistance, under chapter 34 of title 38, U.S. Code, for his 1982 course. *See* R. at 132-33 (appellant's statement that he was not able to use educational funds because of disabilities); 38 C.F.R. § 21.1032(e) (2000) (VA may extend for good cause time limit within which claimant is required to act to perfect claim for educational assistance). In that regard, I note that the Board, in its November 1995 decision, referred to the RO the issue of the appellant's entitlement to "an extension of eligibility for vocational rehabilitation training under

7

the provisions of Chapter 31, Title 38, United States Code, and 38 C.F.R. § 21.42(c)(1) (1994) because of his medical condition" (R. at 6); however, it is not clear from the BVA's decision whether that matter would be inextricably intertwined with the matters discussed above. *See generally Harris v. Derwinski*, 1 Vet.App. 180, 183 (1990) (regarding claims found to be inextricably intertwined).

In view of the foregoing, I would vacate the November 1995 Board decision and remand the matter in order for the BVA to recharacterize and then readjudicate the appellant's claim for VA educational assistance.