*251 KRAMER, Chief Judge,
concurring in part and dissenting in part:
For the reasons set forth below, I agree with the majority’s conclusion as to this Court’s jurisdiction over the instant appeal and with the majority’s conclusion that the appellant is not eligible for educational benefits pursuant to the Pacheco order, but I otherwise dissent.
As to the jurisdictional issue, because the appellant is seeking review of a Board of Veterans’ Appeals (Board or BVA) decision that denied VA educational assistance under title 38 of the U.S.Code, I agree with the majority that this Court has jurisdiction over the appeal. See 38 U.S.C. §§ 7252(a) (this Court “shall have exclusive jurisdiction to review decisions of the [Board]”), 7266(a); see also 38 U.S.C. § 7104(a) (jurisdiction of the Board). Based on that, I believe that it is unnecessary to address, as the majority has done, whether the United States District Court for the Northern District of Ohio (District Court) would have jurisdiction to limit this Court’s review of “claim[s] made under [the Pacheco ] Order.” Record (R.) at 101-02. Moreover, I note that, although the majority, in addressing the District Court’s exercise of jurisdiction, purports to hold that “[t]he provisions of the [District Court’s] Pacheco Order concerning this Court’s jurisdiction ... are null and void,” ante at 249, the majority has not provided any citations or analysis suggesting that this Court has the authority to so hold.
As to the merits of the appellant’s claim, I initially note that the Board characterized the issue as whether the appellant was “entitled] to any VA benefits under the terms of the Pacheco Order.” R. at 9; see also ante at 249 (majority characterized issue on appeal as whether appellant is “eligible for VA educational benefits pursuant to the Pacheco Order”). Under the Pacheco Order, a claimant may be awarded educational benefits for qualifying courses (taken during the period from January 1982 to June 1985) if it is determined that the claimant is eligible, under the terms of that order, for an extension of his delimiting date. R. at 98. Here, the appellant did express his desire to obtain educational benefits “under the Pacheco Settlement,” but he also indicated that he was seeking “retroactive payment of VA educational benefits” and provided information as to a course that he had taken in 1982. R. at 107, 114-15. Particularly considering the pro-claimant nature of the VA benefits system (see Nolen v. Gober, 222 F.3d 1356, 1361 (Fed.Cir.2000)), and that the appellant’s 1982 course was taken prior to the expiration of his delimiting period (see 38 U.S.C. § 3462(a)(1) (delimiting period for VA educational assistance is 10 years after veteran’s last release from active duty); R. at 12 (reflecting appellant’s release from active duty in April 1978)), I believe that the Board far too narrowly construed the appellant’s claim by treating it as though he were seeking only an extension of his delimiting date under the Pacheco Order. Rather, the Board should have addressed whether the appellant is entitled to VA educational assistance under any applicable laws and regulations, including whether he is entitled to reimbursement for educational expenses incurred in connection with his 1982 class. See Perry v. West, 12 Vet.App. 365, 368 (1999) (“VA is required to apply all relevant law in the claim, even though the legal issue was not raised by the appellant”); Talbert v. Brown, 7 Vet.App. 352, 356 (1995) (BVA must review all issues that are reasonably raised); EF v. Derwinski, 1 Vet.App. 324, 326 (1991).
Because the BVA adjudicated only whether the appellant was entitled to the *252 relief provided for in the Pacheco order, I believe a remand is necessary in order for the Board to readjudicate the appellant’s claim, as more broadly characterized. See 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527; Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990) (Board is required to provide written statement of reasons or bases for its findings and conclusions on all material issues of fact and law presented on record; statement must be adequate to enable claimant to understand precise basis for Board’s decision, as well as to facilitate review in this Court). In addressing that claim, I believe that the BVA should also consider whether the appellant’s October 1993 correspondence to a VA regional office (RO) constituted a request for an extension of time, predicated upon his medical condition, to file his application for VA educational assistance, under chapter 34 of title 38, U.S.Code, for his 1982 course. See R. at 132-33 (appellant’s statement that he was not able to use educational funds because of disabilities); 38 C.F.R. § 21.1032(e) (2000) (VA may extend for good cause time limit within which claimant is required to act to perfect claim for educational assistance). In that regard, I note that the Board, in its November 1995 decision, referred to the RO the issue of the appellant’s entitlement to “an extension of eligibility for vocational rehabilitation training under the provisions of Chapter 31, Title 38, United States Code, and 38 C.F.R. § 21.42(c)(1) (1994) because of his medical condition” (R. at 6); however, it is not clear from the BVA’s decision whether that matter would be inextricably intertwined with the matters discussed above. See generally Harris v. Derwinski, 1 Vet.App. 180, 183 (1990) (regarding claims found to be inextricably intertwined).
In view of the foregoing, I would vacate the November 1995 Board decision and remand the matter in order for the BVA to recharacterize and then readjudicate the appellant’s claim for VA educational assistance.