**Gene E. TALBERT, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1275.

United States Court of Veterans Appeals.

Jan. 19, 1995.

William T. Bogue, Ventura, CA, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Ralph G. Davis, Washington, DC, were on the brief, for appellee.

Before KRAMER, MANKIN, and HOLDAWAY, Judges.

MANKIN, Judge:

Gene E. Talbert (appellant) appeals a July 9, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to an increased rating for inactive pulmonary tuberculosis with residuals of pneumothorax, currently evaluated as 20% disabling. The appellant claims an increase in rating for service-connected pulmonary tuberculosis to 30%, based upon his claim that prior VA regional office (RO) and BVA decisions contained clear and unmistakable error (CUE). However, the Board found that there was no CUE in a final unappealed 1952 RO decision, nor in four BVA decisions issued between 1981 and 1992. The Board further found in its 1992 decision that no increase was warranted because the appellant had failed to submit any evidence relative to a claim for increased rating. The Court issued an opinion on this case on December 1, 1994, affirming in part, vacating in part, and remanding in part the Board's July 9, 1992, decision. On December 12, 1994, the appellant filed a motion for reconsideration. On December 14, 1994, the Secretary filed a motion for reconsideration, or in the alternative, for review en banc. The Court now denies the appellant's motion for reconsideration, grants the Secretary's motion for reconsideration and denies the alternative motion as moot, withdraws the December 1, 1994, opinion for reconsideration, and issues this decision in its stead. For reasons set forth below, the Court affirms the Board's July 9, 1992, decision.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Marine Corps from January 30, 1946, to June 4, 1947. He was hospitalized on October 22, 1946, and was diagnosed with "tuberculosis, pulmonary, reinfection, moderately advanced." On December 30, 1946, a Medical Survey Board met and diagnosed the appellant with "tuberculosis, pulmonary, moderately advanced.... D[isability] is not the result of his own misconduct and was incurred in the line of duty." The Board found that the appellant was unfit for service and recommended that he be transferred to a VA facility and discharged from active duty upon arrival. The appellant's medical history reflects that on May 21, 1947, he was considered fit enough to travel and on June 5, 1947, he was transferred to the VA facility at Alexandria, Louisiana, and discharged from the United States Marine Corps.

The appellant filed an "Application for Pension or Compensation for Disability Resulting from Service in the Active Military or Naval Forces of the United States" on June 13, 1947, for "Tuberculosis, Adult, Pulmonary Moderately Advance [sic]." The appellant was awarded a 100% evaluation for a disability rated pursuant to Diagnostic Code (DC)

6702, "Tuberculosis, Pul[monary], Reinfection, Mod[erately] Adv[anced]," effective June 6, 1947.

VA hospitalization reports from August 1947 and from May to September 1950 contain diagnoses of far advanced tuberculosis, quiescent. On April 28, 1948, the appellant's rating was amended to change the disability description and corresponding DC. His condition was rated under DC 6705, as "Tuberculosis, Pulmonary Chronic, Far Advanced Quiescent Bilateral." The appellant's rating was continued at 100%, with the effective date changed to June 5, 1947.

A February 10, 1949, VA clinical record reflects that the appellant was diagnosed with moderately advanced pulmonary tuberculosis, apparently arrested, with pneumothorax, induced, bilateral. No change in the degree of the appellant's service-connected disability rating resulted from this examination.

The appellant was hospitalized from May 2, 1950, to September 7, 1950. The discharge diagnosis was pulmonary tuberculosis far advanced quiescent with pneumothorax on the right side in the process of reexpansion. The appellant's prior rating decision was confirmed and continued.

On August 17, 1951, the VA Chest Therapy Board opined that the appellant's tuberculosis had reached the inactive stage. The resulting diagnosis was "[t]uberculosis, pulmonary, re-infection type, far advanced, ... inactive."

An April 8, 1952, special chest examination listed the appellant's diagnosis as moderately advanced pulmonary tuberculosis, inactive for 28 months. As a result of this examination, the appellant's rating was amended on April 17, 1952, in accordance with VA regulations that provide for a continuation of the 100% rating for two years following the date when the disease was determined to be arrested, and for a schedular reduction thereafter. In accordance with these regulations, the appellant's disability compensation payments were to be reduced to 50% from April 8, 1954, through April 7, 1958; to 30% from April 8, 1958, to April 7, 1963; and thereafter, a 0% rating was to be in effect. This rating was confirmed in a September 1952 review which also noted that the appellant was entitled to special monthly compensation from August 1, 1952, under a statutory award pursuant to Public Law No. 82–427. The veteran did not appeal either of these rating decisions.

On November 13, 1978, the appellant attempted to reopen his claim and to establish October 6, 1978, as the date of reopening. The appellant stated he suffered from residuals of pulmonary tuberculosis and requested a VA pulmonary examination which was subsequently conducted on January 8, 1979. This examination revealed "chronic moderately advanced pulmonary fibrocalcific infiltrates and pleural adhesions ... [and] ... some degree of chronic obstructive pulmonary disease." The final diagnosis was "pulmonary tuberculosis by history with residual lung findings on x[-]ray." On May 3, 1979, the VA, after reviewing the results of this examination along with all the evidence in the appellant's record, denied the appellant's request for an increased rating beyond the then currently assigned 0%.

On June 7, 1979, the appellant filed a Notice of Disagreement (NOD), thereby appealing the May 3, 1979, rating decision. The appellant noted that his disagreement reached back to the April 17, 1952, rating decision and alleged CUE in an August 19, 1968, decision. The appellant invoked 38 C.F.R. § 3.105(a) [citing it under its previous designation in the VA's non-C.F.R. regulations, i.e., section 1105(A) ]. The Court notes that there was no August 19, 1968, decision, but the Court interprets the appellant's allegation as raising a CUE issue with the April 17, 1952, decision, pursuant to the appellant's statements in his VA Form 1–9, dated July 9, 1979, and the VA's interpretation of the appeal. The appellant alleged that the 1945 Schedule of Rating Disabilities provided for a minimum rating of 30% if far advanced lesions were ever diagnosed at any time while the disease process was active. The appellant stated that he should not have been reduced to the 0% level but should have been permanently maintained at the mandatory minimum 30% level for far advanced cases pursuant to the September 7, 1950, diagnosis

of pulmonary tuberculosis far advanced quiescent with pneumothorax on the right side in the process of reexpansion. A July 10, 1979, rating decision confirmed the earlier one dated May 3, 1979.

A March 4, 1980, BVA decision remanded the case to the RO for further development. Pursuant to this decision, several attempts were made to locate in-service and postservice medical records, but to no avail.

The BVA reviewed the appellant's case on the merits on April 1, 1981. Noting that the 1952 rating became final when not appealed, the BVA reviewed it for CUE and concluded that it was not tainted by CUE but instead was sustained and justified as a reasonable exercise in rating judgment. The Board recognized that the appellant's pulmonary tuberculosis was characterized as "far advanced" on several occasions after service, including June 1947, November 1947, and May 1950. The Board stated that on none of these occasions was the tuberculosis simultaneously in an active state. The August 1951 Chest Therapy Board described it as inactive, and on other occasions when it was noted to be far advanced, it was in a quiescent state. "Medically, this does not equate to an active state, but rather a stage of recovery subsequent to treatment for an active tuberculosis." The BVA did award the appellant a 20% disability rating, based on recent clinical evidence.

An amended rating action followed in May 1981 which listed the effective date of the increase to 20% as October 6, 1978, the date of the claim for an increased rating. An unrelated technical error in the May 1981 rating decision was later rectified in a July 1981 rating decision.

The appellant attempted to reopen his claim on the following occasions: December 19, 1981; October 11, 1984; and September 18, 1986. Upon each denial of his claim the appellant filed appeals, which resulted in Board decisions dated August 6, 1984; October 1985; and June 16, 1989, respectively. These BVA decisions rejected the appellant's repeated CUE contentions and, using rating criteria effective prior to August 19, 1968, denied entitlement to a 30% rating, retroactively, for pulmonary tuberculosis.

The June 16, 1989, BVA decision stated that the VA was "incorrect" when it diagnosed the veteran's disease as far advanced. Upon receipt of the BVA's decision, the appellant contacted the VA for an opinion as to the validity of the BVA's determination that the VA's diagnosis of far advanced tuberculosis was incorrect. After reviewing the appellant's medical records from 1947 to 1952, the VA concluded that it stood by the original diagnosis. The appellant filed a motion for reconsideration of the June 16, 1989, Board decision, but this was denied on February 22, 1991, when the Board determined that there was no obvious error in prior Board decisions.

The appellant filed an NOD on May 21, 1991, and the July 9, 1992, BVA decision, which is currently before this Court, ensued.

## II. ANALYSIS

In his appeal to the BVA, the appellant sought an increased rating, not on the basis that his disability had increased in severity, but on the basis that prior RO and BVA decisions were the product of CUE in that each decision had failed to conclude that his pulmonary tuberculosis was far advanced and active at the same time (which would have warranted a 30% evaluation).

### A.  CUE in Prior BVA Decisions

■  The Court notes that in his brief, the appellant asserts that the Board's April 1981, August 1984, October 1985, and June 1989, decisions were the product of CUE. However, the CUE review authority in 38 C.F.R. § 3.105(a) (1993) relates only to review of final, unappealed agency of original jurisdiction (AOJ) decisions and not to those of the Board. *See Smith (William A.) v. Brown,* 35 F.3d 1516, 1523 (Fed.Cir.1994); 38 C.F.R. § 20.1104 (1993) (when a determination of an AOJ is affirmed by the BVA, such determination is subsumed by the final appellate decision). Therefore, the Court lacks jurisdiction to review final BVA decisions for CUE.

### B.  CUE in the April 17, 1952, RO Decision

■  The Secretary argued that because the 1981 BVA decision dealt with the appel-

lant's allegations of CUE in the unappealed 1952 RO decision, the issue is res judicata and the July 9, 1992, BVA decision should never have been issued. The Court finds the Secretary's argument in law and fact persuasive. The Court agrees with the Secretary that it is without jurisdiction to review allegations of CUE in the April 17, 1952, decision. In *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc) the Court held that "[o]nce there is a final decision on the issue of [CUE] . . ., that particular claim of [CUE] may not be raised again. . . . It is res judicata." Here, the 1981 BVA decision was final as to a claim of CUE, based on the record before the adjudicator, with respect to whether the appellant had active, far advanced tuberculosis before the 1952 RO decision.

■ Federal law governing veterans' benefits for inactive service-connected tuberculosis mandates a minimum rating of 30% if far advanced lesions were diagnosed at any time while the disease process was active. 38 C.F.R. § 4.97 (1993). The appellant was diagnosed with far advanced tuberculosis, quiescent, during three periods of hospitalization at the VA hospital in Alexandria, Louisiana: June 5, 1947, to August 22, 1947; November 24, 1947; and from May 2, 1950, to September 7, 1959. April 19, 1950, medical records from the VA hospital, Alexandria, Louisiana, reflect a clinical history of far advanced active tuberculosis, on out-patient treatment.

The gist of the Board's holding is that while a "far advanced" diagnosis had to be made while the appellant's pulmonary tuberculosis was in an active state in order to qualify for the minimum percentage rating of 30%, "medically, quiescent does not relate to an active state, but rather a stage of recovery subsequent to treatment for active tuberculosis."

In order for the appellant to reopen his claim of CUE in the 1952 RO decision (and not be estopped by the 1981 BVA decision), he could produce a VA document effective at the time of the 1952 decision which says, in essence, that "quiescent," as used pertaining to pulmonary tuberculosis, is the equivalent of "active." *See Russell*, 3 Vet.App. at 313 (a

claim of CUE in a prior decision is valid if the correct facts, as they were known at the time, were not before the adjudicator). Then, pursuant to 38 U.S.C. § 5108, the Secretary would be required to reopen the appellant's claim if the information secured is "new and material." *See* 38 U.S.C. § 7104(b). *Manio v. Derwinski*, 1 Vet.App. 140 (1991).

## C. Other Claims

■ Next, we find that the appellant's additional contention that he is entitled to an increased rating for additional disability resulting from treatment of service-connected tuberculosis was not fairly raised in the proceedings below. The issue of secondary service connection was raised only prior to the 1989 BVA decision and in the appellant's brief.

An appellant's Form 1–9 Appeal to Board of Veterans Appeals (retitled "VA Form 9" as of January 1992) [hereinafter 1–9 form] perfects the appeal to the BVA and frames the issues to be considered. *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991). In reviewing an appellant's appeal, the Board is not free to give the 1–9 form a narrow construction, but must "review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Id.* at 130.

The "liberal reading" requirement does not require the Board to conduct an exercise in prognostication, but only requires that it consider all issues reasonably raised by the appellant's substantive appeal. 38 C.F.R. § 20.202 (1993). (Board will construe arguments in a substantive appeal "in a liberal manner . . . but the Board may dismiss any appeal which fails to allege specific error of fact or law.") Thus, there must be some indication in the appellant's 1–9 form that he wishes to raise a particular issue before the Board. The indication need not be expressed or highly detailed; it must only reasonably raise the issue. We find that the appellant did not raise the issue regarding a compensable rating for current additional disability in any of the documents constituting his substantive appeal. This Court has powers of review only over BVA decisions

before it, 38 U.S.C. § 7252(b), not powers of first impression, and accordingly will not address this matter at this time.

> "Review in the Court shall be on the record of proceedings before the Secretary and the Board." 38 U.S.C.[ ] § 7252(b) [ ]. In this case, [the appellant] has never before submitted [this] ... issue to the BVA. Thus, [the appellant] ... has not exhausted his administrative remedies, and the Court will not preempt the BVA and address the merits of this claim.

*Horowitz v. Brown,* 5 Vet.App. 217, 225 (1993); *see also Herzog v. Derwinski,* 2 Vet. App. 502, 503 (1992); *Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990); *Mokal v. Derwinski,* 1 Vet.App. 12, 15 (1990). This holding, however, does not preclude the appellant's raising this issue in a new proceeding before the Board.

Finally, in his brief, the appellant requests a dependency allowance for his spouse and children. Again, because this claim was not raised to the BVA, it is not properly before the Court at this time, and the Court will not consider it. *See Branham,* 1 Vet.App. at 94.

### III. CONCLUSION

Upon consideration of the record and the parties' briefs, the Court affirms the July 9, 1992, decision of the Board of Veterans' Appeals. The veteran's attempt to include a CUE claim in this appeal is denied for lack of jurisdiction. *See Smith* and *Russell, supra.*