Citation Nr: 1237385 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 09-06 925A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to an effective date earlier than January 10, 2005 for an award of service connection for hypertension and residuals of a stroke, to include as due to clear and unmistakable error (CUE) in a November 1996 rating decision and September 1999 administrative decision. 

2. Entitlement to an effective date earlier than January 10, 2005 for an award of special monthly compensation (SMC) based on the need for regular aid and attendance. 


REPRESENTATION

Appellant represented by: Kisha Winfrey, Agent


ATTORNEY FOR THE BOARD

M. Riley, Counsel 
INTRODUCTION

The Veteran served on active duty from September 1960 to September 1969. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from February 2008 and July 2012 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. The February 2008 rating decision granted the Veteran's claims for service connection for hypertension and residuals of a stroke and SMC based on the need for regular aid and attendance. Each of these benefits was initially made effective from July 27, 2007. In a February 2009 rating decision, the RO assigned earlier effective dates of January 10, 2005 for the awards of service connection and SMC based on the need for regular aid and attendance. 

The Veteran has continued to disagree with the effective dates assigned his service-connected hypertension, residuals of a stroke, and SMC. In the July 2012 rating decision on appeal, the RO also determined that an effective date earlier than January 10, 2005 was not warranted for the service-connected disabilities on the basis of CUE in November 1996 and September 1999 RO decisions. 

In May 2012, the Board remanded the case for further action by the originating agency. The case has now returned to the Board for further appellate action.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. Entitlement to service connection for hypertension and residuals of a stroke was awarded in a February 2008 rating decision effective July 27, 2007. An earlier effective date of January 10, 2005 was assigned in a February 2009 rating decision. 

2. The November 1996 rating decision and September 1999 administrative decision's failure to adjudicate claims for entitlement to service connection for hypertension and residuals of a stroke was adequately supported by the evidence then of record, considered the correct facts as they then existed, correctly applied statutory or regulatory provisions extant at that time, and did not contain an undebatable error that was outcome determinative.

3. The Veteran's claims for entitlement to service connection for hypertension and residuals of a stroke were received on January 10, 2005. 

4. Entitlement to service connection for hypertension arose many years before receipt of the Veteran's claim in January 2005.

5. Entitlement to service connection for residuals of a stroke did not arise until September 10, 2007, after the date the claim for service connection was received.

6. Entitlement to SMC based on the need for regular aid and attendance was awarded in a February 2008 rating decision effective July 27, 2007. An earlier effective date of January 10, 2005 was assigned in a February 2009 rating decision. 

7. The Veteran's claim for entitlement to SMC was received on August 15, 2007. 

8. The award of SMC was made based on residuals of a stroke which were not service-connected prior to January 10, 2005. 


CONCLUSIONS OF LAW

1. The November 1996 rating decision and August 1999 administrative decision did not contain CUE in their failure to adjudicate claims for entitlement to service connection for hypertension and residuals of a stroke. 38 U.S.C.A. § 5109A (West 2002); 38 C.F.R. §§ 3.151, 3.155, 3.157 (1999); 38 C.F.R. § 3.105 (2011). 

2. The criteria for an effective date earlier than January 10, 2005 for the award of service connection for hypertension and residuals of a stroke have not been met. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400.

3. The criteria for an effective date earlier than January 10, 2005 for an award of SMC based on the need for regular aid and attendance are not met. 38 U.S.C.A. § 5110; 38 U.S.C.A. §38 C.F.R. § 3.400.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

Duty to Notify

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002)) defined VA's duties to notify and assist a veteran in the substantiation of a claim. VA regulations for the implementation of the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2011).

With respect to the Veteran's contentions concerning CUE in the November 1996 rating decision and September 1999 administrative decision, the notice and duty to assist provisions of the VCAA are inapplicable to cases involving CUE in prior decisions. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159; Livesay v. Principi, 15 Vet. App. 165 (2001).

The Veteran has initiated an appeal regarding the effective dates assigned following an award of service connection and SMC based on the need for regular aid and attendance. The claims for service connection and SMC are now substantiated and the filing of a notice of disagreement as to the February 2008 rating decision does not trigger additional notice obligations under 38 U.S.C.A. § 5103(a). See 38 C.F.R. § 3.159(b)(3) (2011). Rather, the Veteran's appeal as to the assignment of the effective dates triggers VA's statutory duties under 38 U.S.C.A. §§ 5104 and 7105, as well as regulatory duties under 38 C.F.R. § 3.103. 

Under 38 U.S.C.A. § 7105(d), upon receipt of a notice of disagreement in response to a decision on a claim, the agency of original jurisdiction must take development or review action it deems proper under applicable regulations and issue a statement of the case (SOC) if the action does not resolve the disagreement either by grant of the benefits sought or withdrawal of the notice of disagreement. However, section 5103(a) does not require VA to provide notice of the information and evidence necessary to substantiate the newly raised issue. 38 C.F.R. § 3.159(b)(3). As a consequence, VA is only required to advise the Veteran of what is necessary to obtain the maximum benefit allowed by the evidence and the law. The February 2009 SOC, under the heading "Pertinent Laws; Regulations; Rating Schedule Provisions," set forth the relevant regulations used to determine the proper effective date for the Veteran's service-connected hypertension, residuals of a stroke, and SMC. The appellant was thus informed of what was needed to achieve an earlier effective date. Therefore, the Board finds that the appellant has been informed of what was necessary to achieve an earlier effective date for the disabilities and SMC at issue.

Duty to Assist

VA is also required to make reasonable efforts to help a claimant obtain evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c), (d). This "duty to assist" contemplates that VA will help a claimant obtain records relevant to a claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4). VA has obtained records of treatment reported by the Veteran, including service treatment records, records of VA treatment, private medical records, and other federal records (to include from the Social Security Administration (SSA)).

The Board also finds that VA has complied with the May 2012 remand orders of the Board. In response to the Board's remand, VA contacted the Veteran in May 2012 and received a VA Form 21-22a appointing an agent as the Veteran's representative. The form was accompanied by a statement signed by both the Veteran and the agent affirming that the no compensation would be charged or paid for the agent's services. Additionally, the RO adjudicated the Veteran's claim for an earlier effective date for the award of service connection on the basis of CUE in a July 2012 rating decision. The Veteran perfected an appeal of the denial of his CUE claim and the issue is currently before the Board. Therefore, VA has complied with the remand orders of the Board. 

For the reasons set forth above, the Board finds that VA has complied with the VCAA's notification and assistance requirements. 


Earlier Effective Date Service Connection

The Veteran contends that earlier effective dates are warranted for the grant of service connection for hypertension and residuals of a stroke, to include on the basis of CUE in November 1996 and September 1999 RO decisions. 

The Board will first address the Veteran's contentions regarding CUE. Where CUE is found in a prior RO decision, the prior decision will be reversed or revised. For the purposes of authorizing benefits, reversal or revision of the prior decision on the grounds of CUE has the same effect as if the correct decision had been made on the date of the prior decision. 38 U.S.C.A. § 5109A; 38 C.F.R. § 3.105(a).

The Court of Appeals for Veterans Claims (Court) has propounded the following three-pronged test to determine whether CUE is present in a prior determination: (1) Either the correct facts as they were known at the time were not before the adjudicator (that is, more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at that time were incorrectly applied; (2) the error must be "undebatable" and of the sort "which, had it not been made, would have manifestly changed the outcome at the time it was made;" and (3) a determination that there was CUE must be based on the record and law which existed at the time of the prior adjudication in question. See Damrel v. Brown, 6 Vet App. 242, 245 (1994), quoting Russell v. Principi, 3 Vet App. 310, 313- 14 (1992) (en banc). 

The Court has further stated that CUE is a very specific and rare kind of "error." It is the kind of error, of fact or of law, which when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Thus, even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. See Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993).

In a February 2008 rating decision, the Veteran was awarded service connection for hypertension and residuals of a stroke with initial 10 percent and 100 percent evaluations assigned, respectively. The award of service connection was effective July 27, 2007. In a February 2009 rating decision, the effective dates of service connection for both disabilities was changed to January 10, 2005. The Veteran contends that earlier effective dates are warranted as VA failed to adjudicate previously filed claims for service connection for hypertension and residuals of a stroke in November 1996 and September 1999 RO decisions. It is asserted that, as these claims were still pending at the time of the February 2008 rating decision that awarded service connection, earlier effective dates are appropriate. 

For a final VA or Board decision to be reversed or revised under 38 U.S.C.A. § 5109A or 7111 (clear and unmistakable error) on the ground that VA failed to recognize a claim for Veterans benefits, it must be concluded that: (1) it is obvious and undebatable that, when prior filings are construed in the Veteran's favor, the pleadings constitute an earlier claim for the benefit that was subsequently awarded by VA; and (2) VA's failure to recognize that claim manifestly affected the subsequent award of benefits. See VAOPGCPREC 4-2004; see also Moody v. Principi, 360 F.3d 1306 (Fed. Cir. 2004). The law further provides that VA's statutory duty to assist means that VA must liberally read all documents submitted to include all issues presented. See Verdon v. Brown, 8 Vet. App. 529, 533 (1996); EF v. Derwinski, 1 Vet. App. 324, 326 (1991). 

The Board must therefore determine whether the evidence of record at the time of the November 1996 and September 1999 decisions obviously and undebatably establishes that claims for entitlement to service connection for hypertension and residuals of a stroke had been filed. 

In August 1996, the Veteran filed a VA Form 21-526, Veteran's Application for Compensation or Pension. Under the section entitled, "Nature of sickness, disease or injuries for which this claim is made and date each began," the Veteran specified that he was seeking benefits for loss of hearing and strokes and seizures. The date of onset for the claimed strokes was listed as 1989. The claim was interpreted by the RO as a claim for nonservice-connected pension and was granted in a November 1996 rating decision. However, the Veteran's income exceeded the maximum annual rate for VA purposes, and he was notified in a November 1996 letter that VA could not pay disability benefits. The Veteran did not disagree with the findings of the November 1996 rating decision, and it became final. 38 U.S.C.A. § 7105(c) (West 2002); 38 C.F.R. § 20.1103 (2011). A second VA Form 21-526 was received from the Veteran in August 1999. The Veteran stated that he was claiming benefits for several disabilities including stroke, hypertension, arrhythmia, weakness, and severe headaches. He again dated the onset of his disabilities from 1989. The RO also interpreted the Veteran's 1999 claim as one for pension, and issued a September 1999 administrative decision granting entitlement to disability pension. The Veteran did not appeal the decision and it too became final. Id. 

The Veteran contends that the applications filed in August 1996 and August 1999 included claims for entitlement to service connection for hypertension and residuals of a stroke. It is asserted that, as VA did not address whether service connection was warranted for these disabilities in the November 1996 rating decision and September 1999 administrative decision, they were still pending at the time service connection was later awarded in February 2008. After review of the evidence of record, the Board disagrees and finds that the Veteran did not file claims for service connection, either formal or informal, prior to the issuance of the November 1996 and September 1999 decisions. 

The Veteran's primary contention regarding CUE in the November 1996 and September 1999 RO decisions is that his formal claims for benefits received in August 1996 and August 1999 were for pension and service-connected compensation. In support of this argument, the Veteran primarily relies on 38 C.F.R. § 3.151 and the contents of the 1996 and 1999 VA Forms 21-526. VA regulations at the time of the November 1996 and September 1999 RO decisions provided that a claim by a veteran for compensation may be considered a claim for pension; and a claim by a veteran for pension may be considered a claim for compensation. 38 C.F.R. § 3.151 (1999). The greater benefit was awarded, unless the claimant specifically elected the lesser benefit. Id. 

The Veteran's August 1996 and August 1999 claims do not indicate any intent to file for service-connected compensation. First, when describing the nature of his disabilities, the Veteran stated on each application that his hypertension and strokes had their onset in 1989-20 years after his separation from active duty service. Second, both VA Forms included a section asking that the Veteran to provide additional information regarding his service if the disabilities claimed occurred during active duty or active duty for training. The Veteran's August 1996 claim noted that this section of the form was not applicable while the August 1999 claim left this section blank. Similarly, both forms noted that items 19, 20, and 21 should be skipped if the Veteran was not claiming compensation for a service-connected disability. The Veteran left these sections blank in both the August 1996 and August 1999 applications for benefits. 

The Veteran contends that a broad and liberal reading of his August 1996 and August 1999 claims demonstrates that they included the issues of entitlement to service connection for hypertension and residuals of a stroke. VA is required to "determine all potential claims raised by the evidence, applying all relevant laws and regulations." Roberson v. West, 251 F.3d 1378, 1384 (Fed. Cir. 2001). In the context of a CUE claim, this means that VA must give a sympathetic reading to a veteran's allegations, to determine the claims being raised. Szemraj v. Principi, 357 F.3d 1370, 1376 (Fed. Cir. 2004). This liberal construction applies only to the question of the existence of a claim. Id. VA regulations at the time of the November 1996 and September 1999 RO decisions defined an informal claim as any communication or action, indicating intent to apply for one or more benefits under the laws administered by VA from a Veteran, his representative, or a Member of Congress. 38 C.F.R. § 3.155(a) (1999). The informal claim must identify the benefits sought. Id. 

Even the most liberal reading of the Veteran's formal claims and evidence submitted in their support does not indicate an intent to seek service-connected compensation. As noted above, nothing in the Veteran's August 1996 and August 1999 claim forms implies that the Veteran was filing claims for service connection. In August and September 1996, the Veteran submitted information pertaining to his current income and expenses; this information is clearly only relevant to a claim for pension. Private medical records also added to the record during this period show several instances of private hospitalization dating from December 1991 to July 1996 for treatment of arterial infarctions, aneurysms, and hypertension. The Veteran's primary care physician also dictated an August 1999 letter describing the Veteran's current physical condition and listing his diagnoses. Although this medical evidence establishes that the Veteran was disabled with poor rehabilitation potential, nothing in the records related the disabilities to active duty service or otherwise indicated an intent to file a claim for service connection. The mere presence of medical evidence does not establish intent on the part of the Veteran to seek service connection for a disability. Brannon v. West, 12 Vet. App. 32, 35 (1998); Lalonde v. West, 12 Vet. App. 377, 382 (1999). Similarly, the mere presence of a disability does not establish intent on the part of the Veteran to seek service connection for that condition. KL v. Brown, 5 Vet. App. 205, 208 (1993); Crawford v. Brown, 5 Vet. App. 33, 35 (1995). 

In recent statements to VA, the Veteran has also argued that his private medical records constitute claims for service connection for hypertension and residuals of a stroke under the provisions of 38 C.F.R. § 3.157 (1999). This regulation allows for medical reports to serve as the filing of an informal claim for benefits in limited circumstances. However, this provision is limited in scope to informal claims for increased compensation or to reopen a previously denied claim and is therefore inapplicable to the current issue before the Board which concerns the filing of original claims for service connection. 
The Veteran's final contention regarding his CUE claim is that VA violated the duty to assist by not reviewing his service treatment records and determining that service connection was warranted for hypertension, especially in light of hypertension's characterization as a chronic disease subject to presumptive service connection under 38 C.F.R. §§ 3.307 and 3.309. Service records contain several findings of elevated blood pressure and a diagnosis of hypertension in August 1969. The Veteran has also submitted a copy of VA's current Adjudication Procedure Manual, M21-1 Manual Rewrite (M21-1MR) noting that VA should consider soliciting claims for chronic, unclaimed disabilities noted in service treatment records. M21-1MR, Part IV, Subpart ii, Chapter 2, Section A (1)(a). The Veteran also submitted excerpts of a VCAA training document stating that VA is required to adjudicate any issues noted in the records which would be to the claimant's advantage-even if not specifically claimed. 

While these documents indicate that VA has a current duty to review the record and adjudicate issues that are not specifically claimed, the portion of M21-1MR and the VCAA training submitted by the Veteran date from 2005 to the present. A determination that CUE existed in a previous decision must be based on the record and law which existed at the time of the prior adjudication. See Damrel, supra. The version of the VA Adjudication Manual in existence in 1996 and 1999, the M21-1, does not contain any similar guidelines requiring VA to review the record and determine whether service records or other evidence indicates possible claims not specified by the Veteran. Furthermore, the Court has held that a breach of the duty to assist cannot form the basis for a claim of CUE. Hazan v. Gober, 10 Vet. App. 511 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994) (failure to fulfill duty to assist cannot be basis for CUE even when medical record that RO erroneously failed to obtain later formed basis for award of service connection when RO obtained record). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that a breach of a duty to assist cannot constitute CUE and that even a "grave procedural error" does not render a decision of VA non-final. Cook v. Principi, 258 F.3d 1311 (Fed. Cir. 2002). Therefore, any failure of VA to assist the Veteran in developing or filing a claim for service connection in association with his claims for pension filed in 1996 and 1999 (years before the passage of the VCAA detailing VA's duty to assist) cannot serve as a basis for CUE. 

In short, there is no lay or medical evidence of record at the time of the November 1996 rating decision and September 1999 administrate decision that indicates the Veteran intended to file a claim for entitlement to service connection for hypertension and residuals of a stroke. Although VA has a duty to liberally interpret a claimant's submissions, it is not required to conjure up issues that were not raised by the claimant. Brannon v. West, 12 Vet. App. 32 (1998). The Court has further held that VA is not held to a standard of prognostication when determining what issues are presented. See Talbert v. Brown, 7 Vet. App. 352, 356- 57; Allin v. Brown, 6 Vet. App. 207, 213 (1994): "[t]here must be some indication . . that [a claimant] wishes to raise a particular issue . . . The indication need not be express or highly detailed; it must only reasonably raise the issue." These cases involve the Board, not an RO, but it is clear that the reasoning employed by the Court applies to all levels within VA. Cf. EF v. Derwinski, 1 Vet. App. 324, 326 (1991). Although VA regulations at the time of the November 1996 and September 1999 RO decisions noted that a claim for pension may be considered a claim for compensation, there is no requirement that every pension claim also be treated as a service connection claim. 38 C.F.R. § 3.151 (1999). The record clearly documents that the Veteran was only seeking pension benefits and specifically filed a claim for that benefit alone. 

In conclusion, the evidence does not establish obviously and undebatably that claims for entitlement to service connection for hypertension and residuals of a stroke were pending at the time of the November 1996 and September 1999 RO decisions. As the Veteran never indicated his intent to file such claims, the failure of the RO to adjudicate these issue in 1996 and 1999 was not CUE. Entitlement to an earlier effective date for the award of service connection for hypertension and residuals of a stroke on the basis of CUE must therefore be denied. 

The Board must now determine whether an effective date earlier than January 10, 2005 is warranted for the award of service connection on any basis other than CUE. Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim or a claim reopened after final disallowance, will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400 (2011). The effective date of an award of service connection shall be the day following the date of discharge or release if application is received within one year from such date of discharge or release. Otherwise, the effective date is the date of receipt of claim, or the date entitlement arose, whichever is later. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400(b)(2)(i). 

The RO has determined that the Veteran's claims for entitlement to service connection for hypertension and residuals of a stroke were received on January 10, 2005. Although the communication received from the Veteran on that date only reported a history of strokes and diabetes, as service connection for the residuals of the claimed strokes was granted on a secondary basis to hypertension, the RO appears to have inferred a claim for service connection for hypertension in the January 10, 2005 letter from the Veteran. See DeLisio v. Shinseki, 25 Vet. App. 45, 54 (2011) (holding that a secondary service section claim premised on disability not service connected reasonably encompasses a claim for the causal disease or disability). The January 10, 2005 claim for service connection for residuals of a stroke was adjudicated and denied by the RO in a May 2005 rating decision, but the decision did not address whether service connection was warranted on a secondary basis. Therefore, the RO concluded in its February 2009 rating decision that the January 10, 2005 claim for service connection for hypertension and residuals of a stroke was still pending at the time service connection was granted in February 2008, and assigned an effective date of January 10, 2005 for the award of service connection.

The record does not contain any communication from the Veteran prior to January 10, 2005 that indicates an intent to claim entitlement to service connection for hypertension or residuals of a stroke. The Board has already discussed at length the evidence in the record dating prior to August 1999, and between that date and January 2005, the Veteran only contacted VA in connection with the payment of his pension. Thus, the Board finds that the Veteran's claims for service connection for hypertension and residuals of a stroke were received on January 10, 2005. As the 

claims were not received within one year from the Veteran's date of discharge or release, the remaining question in this case is when entitlement to service connection for the disabilities arose. See 38 C.F.R. § 3.400 (the effective date of an evaluation and an award of compensation based on an original claim will be the date of receipt of the original claim or the date the entitlement arose, whichever is later). 

With respect to the Veteran's hypertension, service connection arose many years before receipt of the Veteran's claim. Service records contain several findings of high blood pressure and diagnoses of hypertension prior to the Veteran's separation from active duty. Private and VA treatment records also document treatment and findings of hypertension after service beginning in the early 1990s. The in-service elevated blood pressure readings and diagnosis of hypertension are sufficient to establish the presence of a chronic disability during service. Thus, when the record documented post-service findings of a current disability, service connection was warranted under 38 C.F.R. § 3.303(b). 

Regarding the Veteran's stroke residuals, the Board finds that entitlement to service connection arose on September 10, 2007 when a VA physician linked the Veteran's residuals of a stroke to hypertension. Prior to that date, private and VA medical records clearly established the presence of current disabilities as the Veteran had undergone treatment for strokes and various residual conditions since the early 1990s. The Veteran reported in a July 2007 statement that his stroke was the result of hypertension, but the September 2007 VA medical opinion linking the residuals of a stroke to hypertension is the first competent evidence of a link between the two disabilities. See Grottveit v. Brown, 5 Vet. App. 91, 93 (1993) (where the determinative issue involves medical causation or a medical diagnosis, there must be competent medical evidence to the effect that the claim is plausible). Entitlement to service connection for residuals of a stroke is therefore found to have arisen on September 10, 2007, the date of the VA medical opinion that provided competent evidence in support of service connection on a secondary basis. 

As noted above, 38 C.F.R. § 3.400 clearly provides that the appropriate effective date for a grant of service connection for an original claim is the date of receipt of the claim or the date entitlement arose, whichever is later. In this case, the Veteran's claims for service connection were received on January 10, 2005, but entitlement to service connection for hypertension arose years earlier. As January 10, 2005 is the later of the two dates it remains the appropriate effective date for the award of service connection for hypertension. With respect to the Veteran's residuals of a stroke, entitlement to service connection did not arise until September 10, 2007, more than two years after receipt of the Veteran's claim in January 2005. Under 38 C.F.R. § 3.400, the correct effective date for service connection for residuals of a stroke is therefore September 10, 2007. However, as this date is later than the currently assigned effective date of January 10, 2005, an earlier effective date is clearly not warranted. Thus, the claim for an effective date earlier than January 10, 2005 for the award of service connection for hypertension and residuals of a stroke must be denied. 

Earlier Effective Date SMC

Entitlement to SMC based on the need for regular aid and attendance was granted in a February 2008 rating decision effective July 27, 2007. The award was based on the RO's finding that the Veteran had lost the use of both lower extremities and was incontinent of bowel and bladder due to the service-connected residuals of a stroke. In a February 2009 rating decision, an earlier effective date of January 10, 2005 was assigned. The Veteran contends that an effective date from 1996 or 1999 is warranted as his original claim for service connection for residuals of a stroke was filed at that time. 

SMC benefits are payable to a veteran who needs regular aid and attendance as a result of service-connected disability or disabilities. These provisions provide that if a veteran, as the result of service-connected disability, is so helpless as to be in need of regular aid and attendance, an increased rate of compensation (special monthly compensation) is payable. 38 U.S.C.A. § 1114(l) (West 2002); 38 C.F.R. § 3.350(b). 


The law and regulations state generally that the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400. 

The Veteran's claim for entitlement to SMC based on the need for regular aid and attendance was received by VA on August 15, 2007. At that time, he reported that was unable to use his arms and legs and was wheelchair-bound. Although the record contains numerous private records dated from the 1990s showing that the Veteran's mobility and ability to care from himself was severely restricted due to residuals of several strokes, the regulations governing SMC do not authorize an award of benefits prior to the grant of service connection for the disability for which the veteran requires aid and attendance. 38 U.S.C.A. § 1114 ; 38 C.F.R. § 3.400. As discussed above, an effective date earlier than January 10, 2005 is not warranted for the award of service connection for residuals of a stroke. The Board has no statutory or regulatory authority to award SMC unless there is a service-connected disability which meets the requirements specified at 38 U.S.C.A. § 1114. 

There is no provision in the law for awarding SMC for a period when service connection was not in effect for the underlying disorder. Therefore, the Board cannot assign an effective date for SMC based on the need for regular aid and attendance earlier than January 10, 2005, as the Veteran was not service-connected for residuals of a stroke prior to that date. The doctrine of reasonable doubt is not for application in this case as the clear preponderance of the facts and the law is against the claim and the evidence is not in equipoise to warrant a more favorable determination. 38 U.S.C.A. § 5107(b). The claim must be denied.



ORDER

Entitlement to an effective date earlier than January 10, 2005 for the award of the service connection for hypertension and residuals of a stroke, to include on the basis of CUE in a November 1996 rating decision and September 1999 administrative decision, is denied. 

Entitlement to an effective date earlier than January 10, 2005 for an award of service connection for hypertension and residuals of a stroke is denied. 

Entitlement to an effective date earlier than January 10, 2005 for an award of SMC based on the need for regular aid and attendance is denied. 




____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs