Citation Nr: 1602915 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 14-14 791 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUE

Entitlement to an effective date earlier than March 24, 2010, for the grant of service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: James M. McElfresh, II, Agent


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Paul S. Rubin, Counsel

INTRODUCTION

The Veteran had active duty service from February 1968 to May 1972 in the United States Marine Corps. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah. In that decision, the RO granted service connection for PTSD and assigned a 10 percent evaluation effective from March 24, 2010. 

In June 2015, the Board remanded the appeal for further development. The case has since been returned to the Board for appellate review. 

In November 2015, the Veteran presented testimony at a Board videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the VBMS folder. 

In November 2015 and January 2016, the Veteran submitted photographs, medical treatise evidence, and internet articles directly to the Board. He also provided a waiver of the Agency of Jurisdiction's (AOJ) consideration of that evidence. Moreover, the Board notes that automatic waiver provision applies in this case. See Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Public Law No. 112-154, 126 Stat. 1165 (amending 38 U.S.C. § 7105 to provide for an automatic waiver of initial AOJ review of evidence submitted to the AOJ or to the Board at the time of or subsequent to the submission of a substantive appeal filed on or after February 2, 2013, unless the claimant or claimant's representative requests in writing that the AOJ initially review such evidence). 

The Board further notes that, on various occasions during the pendency of the appeal, the Veteran and his representative have asserted that the June 2010 rating decision contained clear and unmistakable error (CUE). See e.g., December 2010, September 2011, January 2013, CUE motions; October 2013 NOD. Under 38 C.F.R. § 3.105(a), a prior final decision of the VA can be reversed or amended where the evidence establishes CUE in the decision. However, because the June 2010 rating decision is currently on appeal, it is not a final decision that could be subject to a CUE claim. See Link v. West, 12 Vet. App. 39, 44-45 (1998) (holding that CUE claim does not exist, as a matter of law, where there is no prior final RO decision). See also Best v Brown, 10 Vet. App. 322, 325 (1997). Moreover, the Veteran's representative has since indicated that they are no longer claiming that there is CUE in a rating decision. See November 2015 statement; November 2015 hearing testimony at pages 14-15. Therefore, the issue of CUE in a rating decision is not on appeal before the Board. 

This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.



FINDING OF FACT

A formal or informal claim for service connection for PTSD was not received by VA prior to March 24, 2010. The record contains no statement, communication, or other information from the Veteran, prior to March 24, 2010, that can reasonably be construed as constituting an earlier claim for service connection for PTSD.



CONCLUSION OF LAW

The criteria for an effective date earlier than March 24, 2010, for the grant of service connection for PTSD have not been met. 38 U.S.C.A. §§ 5101(a), 5103, 5103A, 5107, 5110 (West 2014); 38 C.F.R. §§ 3.1(p), 3.102, 3.151, 3.155, 3.157, 3.160(c), 3.304(f), 3.400 (2015).



REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). 

In an April 2010 VCAA letter, the Veteran was notified of the elements of an effective date. Dingess v. Nicholson, 19 Vet. App. 473, 486 (2006); aff'd sub nom. Hartman v. Nicholson, 483 F.3d 1311 (2007). 

In any event, the effective date issue on appeal arises from disagreement with the effective date assigned upon the grant of service connection for PTSD in a June 2010 rating decision. In this regard, the courts have held, and VA's General Counsel has agreed, that in cases where service connection has been granted and an effective date has been assigned, the typical service-connection claim has been more than substantiated, it has been proven, thereby rendering 38 U.S.C. § 5103(a) notice no longer required because the purpose that the notice is intended to serve has been fulfilled. Indeed, to hold that section 5103(a) continues to apply after a disability rating or an effective date has been determined would essentially render sections 7105(d) and 5103A and their implementing regulations insignificant and superfluous, thus disturbing the statutory scheme. Dingess v. Nicholson, 19 Vet. App. 473, 491, 493, 500-01 (2006), aff'd sub nom. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112, 119 (2007). See also VAOPGCPREC 8-2003 (Dec. 22, 2003). 

The United States Court of Appeals for Veterans Claims (Court) has elaborated that filing a notice of disagreement begins the appellate process, and any remaining concerns regarding evidence necessary to establish a more favorable decision with respect to downstream elements (such as effective date) are appropriately addressed under the notice provisions of 38 U.S.C.A. §§ 5104 and 7105. Goodwin v. Peake, 22 Vet. App. 128 (2008). The appellant bears the burden of demonstrating any prejudice from defective VCAA notice with respect to the downstream elements. Id. There has been no allegation of such error in this case. See also Shinseki v. Sanders, 556 U.S. 396 (2009) (an error in VCAA notice should not be presumed prejudicial and the burden of showing harmful error rests with the party raising the issue, to be determined on a case-by-case basis). 

With respect to the duty to assist, the RO has secured the Veteran's service treatment records, service personnel records, VA treatment records, and VA examination reports. For his part, the Veteran has submitted personal statements, hearing testimony, lay statements from family, photographs, Marine Corps Unit records, medical treatise and internet articles, and additional private medical evidence. The RO also requested records from the Social Security Administration (SSA), but a negative reply was received in May 2014. The Veteran has not identified any other outstanding, available evidence that is relevant to the effective date issue being decided herein.

Moreover, as discussed below, the resolution of the earlier effective date issue turns primarily on when the Veteran first filed his claim for service connection for PTSD. Thus, a VA examination and opinion are not needed to fairly decide this claim for an earlier effective date. See 38 U.S.C.A. § 5103A(d)(2)(A)-(C); 38 C.F.R. § 3.159(c)(4)(A)-(C). See also Chotta v. Peake, 22 Vet. App. 80, 85-86 (2008) (discussing situations when it may be necessary to obtain a "retrospective" medical opinion to determine the date of onset or severity of a condition in years past).

With regard to the November 2015 videoconference hearing, in Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010), the Court held that the Veterans Law Judge who chairs a hearing fulfill two duties to comply with 38 C.F.R. § 3.103(c)(2). These duties consist of (1) fully explaining the issues pertinent to the claim(s) on appeal; and (2) suggesting the submission of evidence that may have been overlooked. See also 38 C.F.R. § 3.103(c)(2); Procopio v. Shinseki, 26 Vet. App. 76 (2012). At the videoconference hearing, the Veterans Law Judge, the Veteran, and the Veteran's representative engaged in a discussion as to substantiation of the effective date claim. The Veteran was advised that generally the effective date for the grant of service connection will be the date of claim or the date of entitlement, whichever is later. See testimony at page 2. The Veteran also explained why he believed that the effective date should be the day after his discharge from service - May 16, 1972. See testimony at pages 15-16. He did not identify any potential favorable outstanding evidence that would alter the disposition of his earlier effective date claim. The actions of the Veterans Law Judge supplement the VCAA and comply with any related duties owed during a hearing. Overall, the November 2015 hearing was legally sufficient, and there has been no allegation to the contrary. 

With regard to the previous June 2015 Board remand, the Board finds that the AOJ substantially complied with the Board's remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998). See also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that only substantial compliance would be required, not strict compliance). Specifically, pursuant to the remand, the RO scheduled the Veteran for a November 2015 videoconference hearing, which he attended. 

The Board is therefore satisfied that the AOJ has provided all assistance required by the VCAA. 38 U.S.C.A. § 5103A (West 2014). Hence, there is no error or issue that precludes the Board from addressing the merits of the PTSD issue on appeal. 


II. Factual Background and Contentions

The Veteran's service personnel records show that he served in the Republic of Vietnam during active service as a rifleman. He was awarded the Combat Action Ribbon and the Purple Heart. 

The Veteran's service treatment records show that he sustained severe chemical burns during service. He also reported having a history of frequent or terrifying nightmares and nervous trouble at a December 1969 examination. 

The Veteran separated from active duty on May 15, 1972.

On January 4, 1972, the Veteran filed a formal claim for service connection for burns on the right arm and face and eye problems. There was no mention of PTSD or any other psychiatric disorder.

In November 1972, the Veteran submitted photographs of his facial burns.

In November 1972, the Veteran underwent several VA examinations. There were no psychiatric complaints or abnormalities noted. 

In a January 1973 rating decision, the RO granted service connection for burns and scarring to the face and right arm, a scar to the anterior right thigh, and a bilateral eye disorder. There was no mention of PTSD or any other psychiatric disorder.

On March 24, 2010, the Veteran filed an informal claim for service connection for PTSD. See March 2010 VA Form 21-0820 (Report of General Information).

In April 2010, the Veteran submitted stressor statements in connection with his claim for service connection for PTSD. He stated that he has had psychiatric problems since his military service. 

On April 21 2010, the Veteran filed a formal claim for service connection for PTSD. See VA Form 21-526 (Veteran's Application for Compensation).

VA treatment records dated in 2010 begin to document treatment for and a diagnosis of PTSD. 

In May 2010 and July 2010, VA psychological examiners diagnosed the Veteran with PTSD due to his in-service combat experiences. It was noted that his PTSD symptoms have been present for 40 years since the time of his military service in 1972. 

In the June 2010 rating decision on appeal, the RO granted service connection for PTSD effective from March 24, 2010, which was the date of the Veteran's initial informal claim for service connection for PTSD. See 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400. The grant of service connection was based on the VA examiners' opinions that the Veteran had a diagnosis of PTSD related to his in-service combat stressors. 

In a May 2011 notice of disagreement, the Veteran appealed the effective date assigned for the grant of service connection for PTSD. 

The Veteran and his representative have contended that the effective date assigned for the grant of service connection for PTSD is incorrect. He seeks an earlier effective date of May 16, 1972, which was the day after his discharge from service. In particular, the Veteran believes that the RO should have recognized an inferred claim for service connection for PTSD in 1972, based on the fact that he was a combat veteran and that he was treated for depression during service by medical personnel. The Veteran has asserted that a claim for PTSD was reasonably raised by the evidence of record in 1972, regardless of the fact that he did not expressly file a specific claim at that time. He has contended that the evidence of record should have been read sympathetically to infer a claim for service connection for PTSD. In his opinion, it was reasonable to conclude in 1972 that his in-service combat-related and burn injuries caused a secondary psychological condition as that time. The Veteran also testified that he did not know he could file a claim for service connection for PTSD in 1972. He has also indicated that he did not file a formal claim for service connection for PTSD in 1972 because he felt that he did not deserve to gain compensation when other Marines did not make it back alive from Vietnam. See July 2010, October 2013, and November 2015 Veteran's statements; December 2010, September 2011, and January 2013 CUE claims; May 2011 NOD; April 2010 and November 2015 statements from Agent; October 2013 NOD; April 2014 VA Form 9; November 2015 hearing testimony at pages 15-17. 


III. Law and Analysis

Generally, the effective date of an evaluation and award of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim for increase, or a claim reopened after final disallowance, will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C.A. § 5110(a) (West 2014); 38 C.F.R. § 3.400 (2015). Unless otherwise provided, the effective date of compensation will be fixed in accordance with the facts found, but will not be earlier than the date of receipt of the claimant's application. 38 U.S.C.A. § 5110(a). 

The applicable statutory and regulatory provisions require that VA look to all communications from a veteran which may be interpreted as applications or claims - formal and informal - for benefits. In particular, VA is required to identify and act on informal claims for benefits. See 38 U.S.C. § 5110(b)(3); 38 C.F.R. §§ 3.1(p), 3.155(a). The Federal Circuit has emphasized that VA has a duty to fully and sympathetically develop a veteran's claim to its optimum, which includes determining all potential claims raised by the evidence and applying all relevant laws and regulations. See Harris v. Shinseki, 704 F.3d 946, 948-49 (Fed. Cir. 2013); Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed. Cir. 2004); Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004); Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001). The Board is required to adjudicate all issues reasonably raised by a liberal reading of the appeal, including all documents and oral testimony in the record prior to the Board's decision. See Brannon v. West, 12 Vet. App. 32 (1998); Solomon v. Brown, 6 Vet. App. 396 (1994). However, in determining whether an informal claim has been made, VA is not required to read the minds of the veteran or his representative. Cintron v. West, 13 Vet. App. 251, 259 (1999). 

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary. See 38 U.S.C.A. § 5101(a); 38 C.F.R. §§ 3.151(a). A claim is a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p). Any communication or action indicating an intent to apply for VA benefits from a claimant or representative may be considered an informal claim. Such an informal claim must identify the benefit sought. 38 C.F.R. § 3.155(a). Again, VA is required to identify and act on informal claims for benefits. 38 U.S.C. § 5110(b)(3); 38 C.F.R. §§ 3.1(p), 3.155(a). However, VA is not required to anticipate any potential claim for a particular benefit where no intention to raise it was expressed. See Brannon v. West, 12 Vet. App. 32, 35 (1998) (holding that before VA can adjudicate a claim for benefits, "the claimant must submit a written document identifying the benefit and expressing some intent to seek it"). See also Talbert v. Brown, 7 Vet. App. 352, 356-57 (1995). 

The essential elements for any claim, whether formal or informal, are: (1) an intent to apply for benefits; (2) an identification of the benefits sought; and (3) a communication in writing. Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009); see also MacPhee v. Nicholson, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006) (holding that the plain language of the regulations requires a claimant to have intent to file a claim for VA benefits).

A pending claim is an application, formal or informal, which has not been finally adjudicated. 38 C.F.R. § 3.160(c). The pending claims doctrine provides that a claim remains pending in the adjudication process if VA fails to act on it. Norris v. West, 12 Vet. App. 413, 422 (1999). Raising a pending claim theory in connection with a challenge to the effective-date decision is procedurally proper. Ingram v. Nicholson, 21 Vet. App. 232, 249, 255 (2007).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant. 38 U.S.C.A. § 5107(b).

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to an earlier effective date for the grant of service connection for PTSD.

As previously noted, the Veteran submitted an informal claim for service connection for PTSD on March 24, 2010. He later filed a formal claim in April 2010. The record does not contain any earlier statement or action indicating an intent to file a claim for service connection for a psychiatric disorder. In fact, during the November 2015 hearing, the Veteran admitted that he did not file a claim until 2010.

The Board has considered the contention made by the Veteran and his representative regarding the January 1972 claim. However, that claim specifically identified burns on the right arm and face and eye problems. It cannot be construed as a claim for service connection for PTSD or any other psychiatric disorder, as the claim did not "identify the benefit sought." 38 C.F.R. § 3.155(a). Indeed, there was no mention of PTSD or any other psychiatric disorder or symptoms in the January 1972 claim. VA is not required to anticipate any potential claim for a particular benefit where no intention to raise it was expressed. Brannon, 12 Vet. App. at 35; Talbert, 7 Vet. App. at 356-57. The Board emphasizes that, in determining whether an informal claim has been made, VA is not required to read the minds of the Veteran or his representative. Cintron, 13 Vet. App. at 259. 

The Board has also considered that the Veteran's service treatment records document his reported history of frequent or terrifying nightmares and nervous trouble at a December 1969 examination. The Veteran has further testified that Navy medical personnel treated him for depression in 1972 while he was hospitalized for his burns. His service treatment records do not show treatment for depression in 1972. Nevertheless, even if his service treatment records had documented treatment or a diagnosis of a psychiatric disorder, the Board does not find that such medical records would be an informal claim for service connection for PTSD or any other psychiatric disorder, even when considered in conjunction with the January 1972 claim for other disabilities. His service treatment records are military treatment records created by a military physician. They are not a communication from the Veteran, his representative, a Member of Congress, or an agent communicating an intent to file a claim for compensation benefits. See 38 C.F.R. §§ 3.1, 3.155(a), (b). The mere existence of medical records generally cannot be construed as an informal claim; rather, there must be some intent by the claimant to apply for a benefit. See Criswell v. Nicholson, 20 Vet. App. 501, 504 (2006), (citing Brannon, 12 Vet. App. at 35). Furthermore, the Court has held that, in the absence of a sufficient manifestation of an intent to apply for benefits for a particular disease or injury, a document providing medical information which refers to a disability in and of itself is not an informal claim for VA benefit. Ellington v. Nicholson, 22 Vet. App. 141, 145-46 (2007). In addition, the Court has held that a Veteran's attempt to obtain treatment does not comprise a claim. Dunson v. Brown, 4 Vet App. 327, 330 (1993). 
 
VA must have some means of distinguishing between legitimate claims and ordinary medical paperwork. The basic procedural requirements imposed by § 3.155 serve this purpose. Indeed, if his service treatment records were interpreted as an informal claim for service connection for PTSD, this "would eviscerate the intent requirement [of § 3.155]." See Ellington, 22 Vet. App. at 146.
 
The Court recognized two exceptions to this general rule: (1) when an underlying claim has been awarded and the medical records demonstrate that a veteran's disability has increased (38 C.F.R. § 3.157), or (2) when an underlying claim has been denied and the medical records evidence new and material evidence to reopen the claim. Criswell, 20 Vet. App at 504. However, neither exception applies in this case. 

The claims file does not contain any other other communication from the Veteran or representative indicating an intent to seek or a belief in entitlement to service connection for PTSD from the time of his discharge from service in May 1972 until March 24, 2010. 38 C.F.R. §§ 3.1(p), 3.155(a). Moreover, there is no provision in the law allowing for an earlier effective date based on the fact that his PTSD or psychiatric problems existed from the time of his military service as documented in his service treatment records and his later VA treatment records and VA examinations. The Board's actions are bound by the applicable law and regulations as written and has no power to grant benefits not authorized by law. 38 U.S.C.A. § 7104(c). 

The Board also acknowledges the statement submitted by the Veteran's representative in November 2015 that appears to raise an argument analogous to the holding in Clemons v. Shinseki 23 Vet App. 1 (2009), although this is not entirely clear as he did not cite to the caselaw to which he was referencing. In this regard, the representative stated:

 This language certainly implies that if a claimant has filed a claim for SC for condition X, and the evidence in the claims file reasonably raises the issue whether the veteran is entitled to disability benefits for condition Y, VA must adjudicate whether the claimant is entitled to service connection for condition Y, even though the claimant never requested benefits for, or said a word about condition Y. 

The Court has held that, although a veteran may file a claim for service connection for PTSD, it cannot be a claim limited only to that diagnosis, but must rather be considered a claim for any mental disability that may reasonably be encompassed by several factors including: the claimant's description of the claim; the symptoms the claimant describes; and the information the claimant submits or that the Secretary obtains in support of the claim. Id. However, in this case, the January 1972 claim listed the nature of the sickness, diseases, or injuries as burns on the right arm and face and an eye injury. There was no mention of any psychiatric disorder or symptoms, and the Board notes that the physical injuries listed are clearly different than a psychiatric disability, as they involve different body systems. Thus, the Veteran's description of the disability for which he was seeking service connection did not reasonably encompass a psychiatric disorder. Rather, such an interpretation would have required VA to speculate or read the mind of the Veteran.

Based on the foregoing, the Board concludes that formal or informal claim for service connection for PTSD was not received by VA prior to March 24, 2010. The record contains no statement, communication, or other information from the Veteran, prior to March 24, 2010, that can reasonably be construed as constituting an earlier claim for service connection for PTSD. 

The effective date of an award of disability compensation based on an original claim shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400. Thus, regardless of when entitlement arose, the effective date for the grant of service connection for PTSD cannot be earlier than the date of the claim, which was March 24, 2010. Accordingly, the Board must deny the claim for entitlement to an earlier effective date for service connection for PTSD.


ORDER

An effective date earlier than March 24, 2010, for the grant of service connection for PTSD is denied. 



____________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs